**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN BRYANT, III, | No. 11-15313 |
| Petitioner - Appellant, | D.C. No. 4:06-cv-00005-CW |
| v. | |
| T. FELKER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

California state prisoner Marvin Bryant, III, appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bryant contends that the pre-trial photo identification procedure was unduly suggestive and tainted the witness' in-court identification. The pre-trial photo identification procedure was not unduly suggestive. Moreover, the in-court identification was sufficiently reliable. *See Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). Accordingly, the state court's denial of this claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. §2254(d)(1); *Plascencia v. Alameida*, 467 F.3d 1190, 1197-98 (9th Cir. 2006).

Bryant also contends that his counsel rendered ineffective assistance by failing to move to exclude the witness' pre-trial or in-court identification of him as being a result of an impermissibly suggestive identification procedure. As stated above, the identification procedure was not unduly suggestive. Accordingly, Bryant did not demonstrate a reasonable probability that the result of the proceeding would have been different had his counsel challenged the pre-trial identification procedure. *See Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999). Accordingly, the state court's denial of this claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Bryant's motion to expand the certificate of appealability is denied. *See*

*Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**